**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **RUBEN SANDOVAL #02551926** | § | |
| | § | |
| **V.** | § | **A-26-CV-01426-RP** |
| | § | |
| **STATE OF TEXAS KIMBLE COUNTY** | § | |
| **COURT 452nd** | § | |

## ORDER

Before the Court are Plaintiff's *pro se* civil-rights complaint and response to the Court's order to show cause why this case should not be dismissed as frivolous. The Court granted Plaintiff leave to proceed *in forma pauperis*. After consideration of Plaintiff's complaint, it is dismissed.

## STATEMENT OF THE CASE

At the time he filed his complaint, Plaintiff was incarcerated in the Stiles Unit of the Texas Department of Criminal Justice. Public records indicate Plaintiff was convicted of seven crimes out of Kimble County. He was sentenced to 99 years in one case and 20 years for the others.

Plaintiff sues the "State of Texas Kimble County Court 452nd." He explains he was indicted for murder in one count but was acquitted of the murder charge and found guilty of the second count charging him with smuggling of persons causing death. Plaintiff complains, due to the dismissed murder charge, he will never be able to work again. He seeks damages in the amount of $100,000 for pain and suffering due to the humiliation of being labeled a murderer.

The Court ordered Plaintiff to show cause why his complaint should not be dismissed as frivolous. The Court explained the only claim alleged in his complaint was a state law claim for

1

defamationn and even if Plaintiff had alleged a federal claim, the claim against the 452nd Judicial District Court would be barred by sovereign immunity.

Plaintiff responded he is entitled to damages for violation of his civil rights by the State of Texas. He claims the indictment against him failed to allege anything more than an accidental death. He repeats he will never be able to work again and asserts he does not have a retirement fund.

DISCUSSION AND ANALYSIS

1.    Legal Standard

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v.*

2

*Twombly*, 550 U.S. 544, 555 (2007)).  This standard requires more than the mere possibility that the defendant has acted unlawfully.  *Twombly*, 550 U.S. at 556.

All well–pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.  *See Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).  Although "detailed factual allegations," are not required, "more than an unadorned, the–defendant–unlawfully–harmed–me accusation" is.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement.  *Id.*  And although a court must construe a pro se's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

2.    Section 1983

Section 1983 provides a cause of action to individuals whose federal rights have been violated by those acting under color of state law. *Doe v. Dall. Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  Section 1983 is not itself a source of substantive rights; rather, it merely provides a method for vindicating federal rights conferred elsewhere. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994).  In order to state a claim under Section 1983, a plaintiff must (1) allege a violation of rights guaranteed by the United States Constitution or federal law, and (2) demonstrate the alleged deprivation was committed by a person acting under color of state law. *Doe*, 153 F.3d at 215.

Further, "a plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992).

3. Eleventh Amendment Immunity

Plaintiff's claims seeking monetary relief against the "State of Texas Kimble County Court 452nd" are barred by Eleventh Amendment Immunity. To the extent Plaintiff's claims are construed as claims against the presiding judge of the 452nd Judicial District Court of Kimble County in the judge's official capacity, the judge is also entitled to Eleventh Amendment immunity. *See Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 228 (5th Cir. 2009) ("Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors.").

4. Judicial Immunity

To the extent Plaintiff's claims are construed as claims against the judge in their individual capacity, they are barred by judicial immunity. It is well settled law that a judge enjoys absolute immunity from liability for damages for judicial acts performed within her jurisdiction. *Hale v. Harney*, 786 F.2d 688, 690 (5th Cir. 1986). The doctrine of absolute judicial immunity protects judges not only from liability, but also from suit. *Mireless v. Waco*, 502 U.S. 9, 11 (1991). Motive of the judicial officer is irrelevant when considering absolute immunity. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991) ("The judge is absolutely immune for all judicial acts not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive.").

Absolute judicial immunity is overcome in only two rather narrow sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity, and second, a judge is not immune for actions, though judicial in nature, taken in

complete absence of all jurisdiction. *Mireless*, 502 U.S. at 11-12. "A judge's acts are judicial in nature if they are 'normally performed by a judge' and the parties affected 'dealt with the judge in his judicial capacity.'" *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (quoting *Mireless*, 502 U.S. at 12). In the case at bar, Plaintiff does not complain of any actions taken by the state judge that were nonjudicial in nature nor does he show that the judge was acting in the clear absence of all jurisdiction.

It is therefore **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and as frivolous pursuant to 28 U.S.C. § 1915(e).

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

**SIGNED** on July 7, 2026.


ROBERT PITMAN
UNITED STATES DISTRICT JUDGE